UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:18-CR-00087-6-JRG-CRW |
| | ) | |
| AMBER LYNN HALL | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Amber Lynn Hall's Motion Requesting Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) as Amended by 603(b)(1) of the First Step Act of 2018 [Doc. 633] and the United States' Response in Opposition [Doc. 635]. Acting pro se, Ms. Hall, a federal inmate, moves the Court for compassionate release due to the COVID-19 pandemic, claiming that she suffers from underlying conditions "that make[] [her] more susceptible to . . . severe illness" if she were to contract COVID-19. [Def.'s Mot. at 1–2].

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Although § 3582(c)(1)(A) begins with the declaration that "[t]he court may not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1)(A) so that courts can consider motions for compassionate release once a defendant either exhausts her administrative remedies with the Bureau of Prisons or waits thirty days after submitting a request to the warden:

> The court may not modify a term of imprisonment once it has been imposed except
> that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon

> motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]

18 U.S.C. § 3582(c)(1)(A). According to Ms. Hall, she "submitted her formal administrative request to the warden of the institution on September 7, 2020," and she "was denied this formal request on September 17, 2020. (See attached)." [Def.'s Mot. at 4–5]. In response, however, the United States maintains that Ms. Hall did not properly petition the warden of her facility for compassionate release, and the Court agrees.

In September, Ms. Hall did in fact petition the warden, as she claims, but she requested home confinement "based on the CARES Act" and not compassionate release based on § 3582(c)(1)(A). [Pet. to Warden, Doc. 633-1, at 1 (requesting "home confinement based on the CARES Act"); Warden's Denial, Doc. 633-1, at 3 (denying Ms. Hall's petition "for home confinement under the Coronavirus Aid, Relief, and Economic Security (CARES) Act due to risk of COVID-19")]. The Court is without authority to order Ms. Hall's release under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). *See United States v. Coker*, No. 3:14-CR-085, 2020 WL 1877800, at \*2 (E.D. Tenn. Apr. 15, 2020) ("The CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons." (citations omitted)); *see also United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1118 (D. Kan. 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision." (citing *United States v. Engleson*, No. 13-CR-340-3(RJS), 2020 WL 1821797, at \*1 (S.D.N.Y. Apr. 10, 2020))).

2

Because Ms. Hall has failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement, the Court is unable to consider her motion for compassionate release as this time. *See United States v. Alam*, 960 F.3d 831, 833–36 (6th Cir. 2020) (concluding that § 3582(c)(1)(A)'s exhaustion requirement is mandatory and that courts lack license to create a judge-made or an equitable exception to it). Ms. Hall's motion [Doc. 635] is therefore **DENIED without prejudice**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

Case 2:18-cr-00087-JRG-CRW   Document 637   Filed 12/17/20   Page 3 of 3   PageID #: 7023