UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA     )
                                          )
v.                                    )       No. 2:18-CR-00087-6-JRG-CRW
                                           )
AMBER LYNN HALL                )

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendant Amber Lynn Hall's pro se motion [Doc. 688], in which Ms. Hall, a federal inmate, moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A), and the United States' Response in Opposition [Doc. 691].

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Although § 3582(c)(1)(A) begins with the declaration that "[t]he court may not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1)(A) so that courts can consider motions for compassionate release once a defendant either exhausts her administrative remedies with the Bureau of Prisons or waits thirty days after submitting a request to the warden:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]

18 U.S.C. § 3582(c)(1)(A).[1] Section § 3582(c)(1)(A) now states:

---

[1] The United States concedes that Ms. Hall has satisfied § 3582(c)(1)(A)'s exhaustion requirement. [United States' Resp. at 1].

(c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

In moving for compassionate release, Ms. Hall cites three grounds that she believes constitute extraordinary and compelling reasons for her release. First, she claims that she is likely to suffer severe illness or death from COVID-19 because she has moderate asthma, is obese, and is a former smoker. [Def.'s Mot. at 1, 3]. Second, she expresses concern about "an unimitated COVID-19 outbreak," and third, she asserts that the Bureau of Prisons is "unable to maintain proper COVID-19 safety protocols including the administration of FDA-approved COVID-19 vaccines upon request." [*Id.* at 3].

But as the United States correctly points out, Ms. Hall's contention that she lacks access to the COVID-19 vaccine is disingenuous because her medical records show that she has now received at least one dose of the vaccine, after having previously refused it. [Def.'s Med. Records, Doc. 692, at 71]. The fact that Ms. Hall has access to the vaccine vitiates her claims that her underlying medical conditions and the threat of an outbreak entitle her to compassionate release. *See United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) ("Accepting the serious nature of [the defendant's] alleged medical conditions, her argument is foreclosed by our recent holding that 'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction.'" (quoting *id.*)). Ms. Hall's motion [Doc. 688] is therefore **DENIED**.

Lastly, Ms. Hall "request[s] an attorney for further assistance with [her] compassionate release." [Def.'s Mot. at 4]. In Standing Order 19–04, the Court appointed the Federal Defender Services of Eastern Tennessee ("FDSET") to represent a defendant who moves for relief under § 3582(c) and the First Step Act: "FDSET shall file a supplement to defendant's pro se motion without delay," but "[i]f FDSET determines that defendant's motion needs no supplementation, then FDSET shall file a notice stating so." SO 19-04. In this case, FDSET filed a notice in which it states that it "has reviewed the relevant documents in Defendant's case and communicated with Defendant, and that Federal Defender Services does not intend to file any pleadings in this proceeding at this time." [FDSET's Notice, Doc. 689, at 1].

In place of FDSET, the Court could conceivably appoint counsel to Ms. Hall under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A *et seq.*, though Ms. Hall is not entitled to representation under the CJA as a matter of right. *See id.* § 3006A(a)(1)–(2) (authorizing courts

to provide financially eligible defendants with representation under certain circumstances or when "the interests of justice so require"); *cf. Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Johnson v. Avery*, 393 U.S. 483, 488 (1969) (stating that courts are under no requirement "to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief" and that the onus to raise "a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system" (citation omitted)).

In determining whether the interests of justice require the Court to channel "precious taxpayer funds" toward Ms. Hall's representation, *United States v. Mosely*, 779 F. Supp. 2d 398, 400 (D. Mass. 2011), the Court "consider[s] several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court." *United States v. Banner*, No. 2:12-CR-093, 2020 WL 4289597, at *4 (E.D. Tenn. July 27, 2020) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993))); *see Chastain v. Williams*, No. 4:20-CV-01036, 2020 WL 5994519, at *3 (N.D. Ohio Oct. 9, 2020) ("A district court does not abuse its discretion by declining to appoint counsel where the issues in the case are straightforward and capable of resolution on the record or the Petitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions." (quotation omitted)). In the vast majority of cases, a request for compassionate release due to COVID-19 is "not beyond the capability of an ordinary *pro se* litigant," and this case is no different. *Banner*, 2020 WL 4289597 at *5. In moving for compassionate release, Ms. Hall has raised arguments that are straightforward and familiar to the Court, and the interests of justice therefore do not weigh in favor of the appointment of counsel.

So ordered.

ENTER:

_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE